

**Filed**

Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

**PEOPLE OF GUAM,**
Plaintiff-Appellee,

**v.**

**DENNIS CASTRO ALDAN,**
Defendant-Appellant.

Supreme Court Case No.: CRA23-001
Superior Court Case No.: CF0085-19

## OPINION

**Cite as: 2023 Guam 18**

Appeal from the Superior Court of Guam
Argued and submitted on July 24, 2023
Hagåtña, Guam

Appearing for Defendant-Appellant:
Terry E. Timblin, *Esq.*
Law Office of Terry E. Timblin, PC
Ada's Capitol Plaza Bldg.
120 Father Duenas Ave., Ste. 105B
Hagåtña, GU 96910

Appearing for Plaintiff-Appellee:
Marianne Woloschuk, *Esq.*
Assistant Attorney General
Office of the Attorney General
Prosecution Division
590 S. Marine Corps Dr., Ste. 901
Tamuning, GU 96913

**E-Received**
12/15/2023 4:41:41 PM

BEFORE: ROBERT J. TORRES, Chief Justice; F. PHILIP CARBULLIDO, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**MARAMAN, J.:**

[1]     Defendant-Appellant Dennis Castro Aldan appeals his resentencing following a previous, partially successful appeal.  He argues that the Superior Court erred in sentencing him beyond the maximum term of imprisonment allowable after this court's ruling in *People v. Aldan*, 2022 Guam 4.  He asks this court to remand the case to the Superior Court with instructions to resentence him.

[2]     The Superior Court correctly understood our instructions on remand and imposed a sentence that was within its discretion.  Accordingly, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

[3]     In 2019, Aldan was convicted of robbing a Papa John's restaurant in Mangilao and the Loco Mart store in Dededo.  He received guilty verdicts for two charges of Second Degree Robbery (as a Second Degree Felony), each with two counts to reflect the two locations.  Charge One was for violating 9 GCA § 40.20(a)(2) by committing theft while putting a person in fear of immediate serious bodily injury.  Charge Two was for violating 9 GCA § 40.20(a)(3) by committing theft while armed with what looked like a deadly weapon.  Aldan was also convicted of two counts of Conspiracy to Commit Second Degree Robbery (as a Second Degree Felony) and three counts of Terrorizing (as a Third Degree Felony).  The trial court grouped the robbery and conspiracy charges together by location for sentencing purposes.  Aldan was sentenced to ten years of imprisonment (with credit for time served) for the robbery and conspiracy charges related to the Papa John's robbery, with "each count to run concurrent of each other."  Record on Appeal ("RA"), tab 69 at 2 (Judgment, Sept. 4, 2019).  He received the same sentence for the robbery and conspiracy charges related to the Loco Mart robbery.  The ten-year prison terms for each location

were to run consecutively. He was also sentenced to five years of imprisonment for the terrorizing charges, to run concurrently with the other charges, for a total of twenty years of imprisonment.

[4] Aldan appealed his convictions. This court agreed with his arguments that the robbery convictions were multiplicitous and that Terrorizing is an included offense of Second Degree Robbery. *People v. Aldan*, 2022 Guam 4 ¶¶ 24, 37. We upheld Charge One of Second Degree Robbery and reversed on Charge Two[1] and on all three counts of Terrorizing. *Id.* ¶¶ 27, 72. The case was remanded for resentencing. *Id.* ¶ 72.

[5] The Superior Court issued an Amended Judgment of Conviction in February 2023. Again, it grouped each Second Degree Robbery charge with a Conspiracy charge corresponding to each location. Aldan was sentenced to six years of imprisonment (with credit for time served) for the robbery and conspiracy charges related to Papa John's, with each count to run concurrently. He received the same sentence for the robbery and conspiracy charges related to Loco Mart. The six-year prison terms for each location are to run consecutively, for a total amended sentence of twelve years of imprisonment. He timely appealed this resentencing.[2]

## II. JURISDICTION

[6] This court has jurisdiction over appeals from final judgments and orders of the Superior Court. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 118-22 (2023)); 7 GCA §§ 3107, 3108(a) (2005); 8 GCA §§ 130.10, 130.15(a) (2005). "A notice of appeal filed after the court

---

[1] Because the two convictions for Second Degree Robbery had equal weight, this court had discretion to choose which to dismiss. *People v. Aldan*, 2022 Guam 4 ¶ 26. We chose to dismiss the charge made under 9 GCA § 40.20(a)(3) on the grounds that the indictment named businesses rather than persons as victims, since robbery is a crime against a person. *Id.* ¶¶ 26-27.

[2] Citing 8 GCA § 120.46, the Government argues that Aldan should have first moved for the trial court to correct his sentence, and that his failure to do so "militates in favor of a finding that the trial court acted properly." Appellee's Br. at 10-11 (May 4, 2023). The section of the statute that the Government cites applies to sentences imposed in an illegal manner and therefore is not applicable here.

announces a decision, sentence, or order -- but before the entry of the judgment or order -- is treated as filed on the date of and after the entry." Guam R. App. P. 4(b)(2).

## III.  STANDARD OF REVIEW

[7]      "A trial court's interpretation of a mandate from an appellate court decision involves a question of law and therefore is reviewed *de novo*." *Bank of Guam v. Del Priore*, 2007 Guam 7 ¶ 9.  "[T]he trial court's imposition of a sentence is reviewed for an abuse of discretion." *People v. Diaz*, 2007 Guam 3 ¶ 10.

## IV.  ANALYSIS

### A.  The Trial Court Properly Understood this Court's Mandate

[8]      Aldan argues that the Superior Court used "a bit of surgery" on remand to separate the two counts for each robbery charge, and in this way granted itself discretion to sentence Aldan to up to ten years for each count, even though the original sentence for each charge was only ten years. Appellant's Br. at 8 (Mar. 7, 2023).  He argues that the correct outcome would have been to subtract one of the ten-year sentences from the full twenty-year term imposed, and that the Superior Court nullified our decision to vacate Charge Two in doing otherwise.  *Id.* at 7-8.

[9]      Aldan's argument is based on a fundamental misunderstanding of the trial court's original sentencing and our decision on appeal.  It also mischaracterizes the Superior Court's adjustment of the convictions on remand.  In its original sentencing, the trial court grouped convictions together for sentencing purposes, based on the location at which each of the crimes took place. Thus, Charge One, Count One and Charge Two, Count One—each pertaining to the robbery at Papa John's—were grouped with the charge of conspiracy for that location.  Aldan was sentenced to ten years for that group of charges, the counts to run concurrent with one another.  The corresponding convictions for those crimes at Loco Mart were also grouped together, and the trial

court imposed the same sentence.  As we stated clearly in *Aldan*, "[e]ssentially, Aldan was sentenced to ten years' imprisonment for the Papa John's robbery, including all charges specific to that location, and ten additional years for the Loco Mart robbery by the same formula."  2022 Guam 4 ¶ 13.

[10]　　On appeal, we found that "[r]obbing a store with an object meant to look like a gun was part and parcel to robbing the same store while threatening to inflict serious bodily injury . . . ; they formed an uninterrupted, continuing course of conduct."  *Id.* ¶ 24.  We held that "9 GCA § 1.22(e) prohibits convictions for the same robbery under both 9 GCA § 40.20(a)(2) and 9 GCA § 40.20(a)(3) at each location," and we vacated both counts of Charge Two.  *Id.* ¶¶ 24, 27.  This means that the robbery convictions on Charge One for each location, and the corresponding conspiracy charges, remained.  We remanded the case for dismissal of the improper convictions and for resentencing.  *Id.* ¶ 72.

[11]　　On remand, the trial court entered an Amended Judgment of Conviction that reflects a proper understanding of this decision.  Aldan's convictions were again grouped by location, but this time without Charge Two or the Terrorizing convictions.  For the Papa John's robbery (Charge One, Count One) and its corresponding Conspiracy charge, he was resentenced to six years..  Aldan received the same sentence for the Loco Mart robbery (Charge One, Count Two) and its corresponding Conspiracy charge, to run consecutively to the six-year term for the Papa John's charges, for a total of twelve years of imprisonment.  The trial court did not nullify our decision to vacate Charge Two.  Its interpretation of our mandate was correct.

**B.  The Sentence the Trial Court Imposed Is Within its Discretion**

[12]　　Aldan argues that because the trial court misunderstood this court's decision in his previous appeal, it improperly sentenced him.  Appellant's Br. at 6.  He believes that the charges for one of

the two robberies were vacated, and thus that the maximum sentence he could receive is ten years. *Id.* at 6, 8. He further argues that, since the charges pertaining to the Loco Mart robbery were vacated, and the court imposed a sentence of six years for each robbery, he should receive a sentence of only six years for the remaining Papa John's related charges. *Id.* at 8.

[13] We review the trial court's imposition of a sentence for abuse of discretion. *Diaz*, 2007 Guam 3 ¶ 10. Again, Aldan's arguments are based on a misunderstanding of our decision in his prior appeal. Convictions for both robberies remain. *See Aldan*, 2022 Guam 4 ¶¶ 12, 20, 61. The trial court did not abuse its discretion in imposing sentences for each. The minimum sentence for Second Degree Robbery is five years, and the maximum is ten. 9 GCA § 40.20(b) (2005). "It is axiomatic that the imposition of sentences within the statutory limits lies almost entirely within the discretion of the trial judge." *Diaz*, 2007 Guam 3 ¶ 67 (quoting *United States v. Stull*, 743 F.2d 439, 448 (6th Cir. 1984)). It was within the trial court's discretion to impose sentences of six years for each robbery/conspiracy combination.

[14] The trial court can impose consecutive sentences if the judgment of conviction contains more than one crime. 9 GCA § 80.10(b) (2005). We apply the "unit of prosecution" test to determine "whether multiple punishments are proper when the defendant commits two violations of the same statute." *People v. San Nicolas*, 2001 Guam 4 ¶ 10 (citing *Ladner v. United States*, 358 U.S. 169, 177 (1958)). We must determine what the legislature intended as the unit of prosecution under the statute, the relevant inquiry being "whether the conduct at issue was intended to give rise to more than one offense under the same [statutory] provision." *Id.* ¶ 13 (alteration in original) (quoting *United States v. McLaughlin*, 164 F.3d 1, 14 (D.C. Cir. 1998)). The relevant statute here is 9 GCA § 40.20(a)(2), which states that a person committing a theft is guilty of Second Degree Robbery if he "threatens another with or intentionally puts him in fear of immediate

serious bodily injury." We have held that where the statute uses the singular word "another," we understand the legislature to have intended the victim to be the appropriate unit of prosecution. *San Nicolas*, 2001 Guam 4 ¶ 20. It is clear from the indictment that Aldan's charges pertain to two victims. It was within the trial court's discretion to issue consecutive sentences.

## V.  CONCLUSION

**[15]**     Aldan's appeal is based on a misunderstanding of our previous decision. The trial court correctly understood our instructions on remand and imposed a sentence that was within its discretion. We **AFFIRM**.


|  /s/  |  /s/  |
|:---:|:---:|
| F. PHILIP CARBULLIDO | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |


/s/
ROBERT J. TORRES
Chief Justice